Eaton vs. Woydt.

EATON VS. WOYDT.

PRESUMPTION.   *Acknowledgement of deed without the state — Presumption as to the officers, authority.*

Sec. 105, ch. 137, R. S., provided that any deed of land in this state, recorded before that statute, purporting to have been acknowledged or proved, and having upon it substantially the ordinary form of a certificate of acknowledgment or proof, purporting to have been signed by some officer in another state, should be deemed *prima facie*, in all legal proceedings, to have been acknowledged or proved before a *proper*

officer, etc. Where a deed of lands in this state, produced in evidence, purported to have been acknowledged before a justice of the peace in the city of New York, in 1835, and was accompanied by a certificate of the clerk of the city and county of New York, and the clerk of the court of common pleas for said city and county, that the person who took the acknowledgment was at the time a justice of the peace in and for said city and county, and that his signature was genuine: *Held*, that proof made by the party claiming adversely to such deed, that by the laws of New York in 1828, justices of the peace had no authority to take acknowledgments of deeds, and that in 1840 the legislature of that state conferred such authority upon those officers, created a *presumption* that they did not possess it in 1835; and that this presumption was sufficient to overcome the effect of the deed itself as *prima facie* evidence under said sec. 105, and throw the burden of proof, as to the authority of the justice, upon the party claiming under the deed. DIXON, C. J., dissents.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiff appealed from a judgment in favor of the defendant. The material question involved is stated in the opinion.

*R. P. Eaton*, appellant, in person, cited 13 Wis., 188; 18 id., 485.

*Edward S. Bragg*, for respondent:

It appearing from the Revised Statutes of New York, adopted in 1827–28, that the officer who took the acknowledgment of the power of attorney under which plaintiff claims, had no authority to do so, the presumption was that the law was the same in 1835, until the contrary was shown. 1 C. & H.'s Notes, 295. The defendant, however, to remove all doubts, proved the passage of the law conferring such authority on justices of the peace in 1840. If plaintiff's argument is sound, defendant, after proving the law by the Revised Statutes of 1828, would have had to introduce the session laws of each subsequent year *to show that the statute had not been altered.*

COLE, J. This was an action of ejectment; and the principle is familiar that in such an action the plaintiff must recover

on the strength of his own title, and not on the weakness of his adversary's.   In order to make out a title to the premises in controversy, the plaintiff sought to prove by the record a power of attorney given by Henry Yates, of the city and county of New York, authorizing Albert G. Ellis to sell and convey them to his remote grantor.   The power of attorney was executed in the city of New York in November, 1835, and was acknowledged before a justice of the peace of that city.   There was also a certificate of the clerk of the city and county of New York, and also of the clerk of the court of common pleas for the city and county, that the officer whose name was subscribed to the acknowledgment was at the time of such acknowledgment a justice of the peace in and for said city and county, commissioned and sworn, and that his signature to the certificate of acknowledgment was genuine.   It was objected on the part of the defendant, that the power of attorney was not properly acknowledged or proven to be admitted to record, and that the record thereof could not be read in evidence.   In support of this objection the defendant offered and read in evidence sec. 4, ch. 3, part 2, vol. 1, R. S. of New York, passed in 1827 and 1828, and also ch. 238, Session Laws of New York for the year 1840.   The court thereupon sustained the objection, and excluded the record of the power of attorney.   And the question is, Was this ruling of the court correct ?   If it was, the judgment must be affirmed.   A majority of the court are of the opinion that the record of the power of attorney was properly excluded because it does not appear that a justice of the peace in the city of New York was authorized to take the acknowledgment so as to entitle the power of attorney to record under the laws of that state.

By the statutes of the Territory of Michigan, 1833, page 281, section 7, it was enacted, that all deeds and conveyances of lands within the territory, which were afterwards made and executed in any other state or territory, whereby such lands were conveyed or otherwise affected, should be acknowledged,

proven and certified according to and in conformity with the laws of the state or territory in which such deeds or conveyances were acknowledged or proven; and deeds and conveyances thus acknowledged or proven were entitled to be recorded in the county in which such lands might be situated.

The volume of revised statutes of New York introduced in evidence shows what officers were authorized by the laws of that state to take acknowledgments of deeds in 1828; and justices of the peace are not included among them. Besides, ch. 238, Session Laws of 1840, also introduced in evidence, gives that authority to justices of the peace in the several towns of that state, on abolishing the office of commissioner of deeds. In view of this legislation the question is, Can it be presumed that a justice of the peace in and for the city and county of New York had authority in November, 1835, to take acknowledgment of deeds. If so, upon what ground can the presumption be made? It is suggested that a presumption arises from the act of acknowledgment by the justice, that he had authority. But how can such a presumption be made in view of the fact that in 1840 the legislature conferred the authority upon justices to take acknowledgments? Is it consonant with reason and probability that the legislature would confer an authority already conferred upon and exercised by these officers? It seems to me not. The passage of the law of 1840 can be accounted for on no other rational supposition than that it was intended to confer upon justices of the peace some power which they could not before lawfully exercise. This presumption would seem to be too powerful to be overcome by any inference to be drawn from the acknowledgment itself, or even by the rule laid down in section 105, ch. 137, R. S. That section in effect declares that all deeds or other instruments in writing relating to real estate situated within this state, which shall have been recorded before that enactment, puporting to have been acknowledged or proved without this state, and having upon them substantially the ordinary form of a certifi-

cate of acknowledgment or proof, purporting to have been signed by some officer in another state, shall be deemed *prima facie*, in all legal proceedings, to have been acknowledged or proved before the proper officer, and in conformity with the laws of such state where they purport to have been acknowledged, and the record of such deeds or instruments may be read in evidence with the same effect as the originals. But this *prima facie* case was rebutted and overcome by the evidence offered by the defendant. The presumption created by the statute must yield to the stronger presumption arising from the legislation of New York. For the inference seems irresistible from the provisions of the revised statutes of that state and the law of 1840, that a justice of the peace was not authorized to take an acknowledgment of a deed in 1835. And it will be observed that the clerk of the court of common pleas for the city does not state in his certificate that the justice had that authority.

The judgment of the circuit court must therefore be affirmed.
*By the Court.*— Judgment affirmed.

DIXON, C. J., dissents.